IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KATTIE GRAHAM, on behalf of**
**A.M.**                                                                                                                            **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION: 3:17cv634-CWR-RHW**

**COMMISSIONER OF SOCIAL SECURITY**                                                  **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [13] the Commissioner of Social Security's February 12, 2018 motion to dismiss this action which seeks review of a May 12, 2017 decision of the Commissioner denying supplemental security income benefits (SSI). The Commissioner urges the case should be dismissed pursuant to FED.R.CIV.P. 12(b)(6), due to Plaintiff Graham's failure to timely file the complaint for judicial review. In support of the motion, the Commissioner has presented the declaration of Donald A. Levine, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administrative, and its attached exhibits from Graham's file. [13-1] Graham filed no response to the motion to dismiss. Two months after the motion was filed, she filed a four-sentence "motion to have my case reviewed by the court," in which she states, for the first time, that she did not receive the "court review letter" until May 30, 2017, and that "the courts did not state in the final decision that, I could also request an extension." [15] Assuming the "court review letter" is the Notice of the Appeals Council Action, Graham's assertions are contradicted by her own pleadings: she stated in both her original complaint of July 28, 2017 and her amended complaint of October 30, 2017, that she *received* the Notice of the Appeals Council Action "on or about May 12, 2017" [1, p. 2], [5, p. 2], and her own Exhibit F to the amended complaint

plainly states (1) the time limits for filing an action for judicial review, (2) the time within which she was presumed to have received the Appeals Council decision, and (3) that she could request an extension of time for filing from the Appeals Council. [5-6, p. 3][1]

Facts and Procedural History

The facts are established by Plaintiff's complaint, amended complaint and their attachments, and by Mr. Levine's declaration and its attachments. [1], [5], [13-1]. By way of background, at age four[2] Kattie Graham's daughter A.M. was found disabled and eligible for SSI benefits as of April 2012 due to attention deficit hyperactivity disorder (ADHD). Just over two years later, she was found no longer disabled as of May 31, 2014.[3] [1-1], [13-1, pp. 9, 12]

Graham filed another application for SSI on behalf of A.M., which commenced the proceedings ultimately leading to the action now before the Court. Graham's application was denied initially and on reconsideration. At Graham's request, Administrative Law Judge (ALJ) Patricia Melvin conducted a hearing in the case. Graham attended the February 26, 2016 hearing, electing to testify without the assistance of counsel or other representative, and completing a waiver of the right of representation. In a 13-page decision issued May 31, 2016, ALJ Melvin denied Graham's SSI application. [13-1, pp. 9-21] Graham requested review, which the Appeals Council denied, mailing Graham a copy of its decision on May 12, 2017. That correspondence advised Graham that if she disagreed with the decision, she could file a civil action for court review of the matter, and instructed her how to do so. The letter expressly

---

[1]Graham attached to her original complaint only the first two pages of the four-page Appeals Council decision. [1-5] She attached pages 1-3 of the decision to her October 30, 2017 amended complaint. [5-6]

[2]A.M. was born in June 2007. [13-1, p. 14]

[3]The complaint alleges she continued to receive SSI benefits until June 2016. [1, p. 2]

states that an action for court review must be filed within 60 days of receipt of the Appeals Council decision; that Graham would be presumed to have received the decision five days after it was mailed unless she showed the Appeals Council "that [she] did not receive it within the 5-day period;" and that she could submit a written request to the Appeals Council for an extension of time to file if she were unable to file for court review within the 60 days.  [13-1, pp. 26-29], [5-6] Graham did not file her complaint in this Court within 60 days of her presumptive receipt of the Appeals Council decision, and Mr. Levine is unaware of any request for extension of time to file the lawsuit; Graham does not allege she submitted any request for extension of time to the Appeals Council.  The Commissioner has moved for dismissal of the complaint for failure to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6) because Graham's complaint was filed after expiration of the statute of limitations.

## Law and Analysis

The Social Security Act provides the exclusive remedy for judicial review of decisions of the Commissioner on claims arising under Title II or Title XVI of the Act:

> The findings and decision of the Commissioner [of Social Security] after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.*  No action against the United States, the Commissioner or any officer, or employer thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.  (emphasis added)

42 U.S.C. §§ 205(h), 405(h).  Specifically, a party may obtain review of such a decision by filing a civil action in the District Court "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commission may allow..."  42 U.S.C. §§ 205(g), 405(g).  Social Security regulations interpret "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of a request for review, and receipt is presumed to be five

days after the date on the notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.981, 404.901, 422.210(c). In the present case, the Notice of Appeals Council Action is dated May 12, 2017, as reflected on Exhibits to Graham's complaint and amended complaint. [1-5], [5-6] Absent "a reasonable showing to the contrary *made to the Appeals Council*," Graham is presumed to have received that notice by May 17, 2017. Sixty days from May 17 was Sunday, July 16, 2017, so Graham's deadline to file a complaint for judicial review was Monday, July 17, 2017. She did not file her complaint until July 28, 2017.

The Supreme Court has recognized "the congressional purpose, plainly evidenced in section 205(g), to impose a 60-day limitation upon judicial review" of final decisions of the Secretary. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The limitation is deemed a statute of limitations, to which equitable tolling may apply, but this determination is usually made by the Commissioner unless "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 4798-81 (1986) (applying equitable tolling to a case involving a constitutional challenge to an unlawful, unpublished policy resulting in denial of benefits).

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. ... Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants.

*Barnett v. Colvin*, No. 3:12-CV-4286-D, 2013 WL 6181955, at *2 (N.D. Tex. Nov. 26, 2013) (citing *Marse v. Dep't of Health & Human Servs.,*, 999 F.2d 1579, 1993 WL 307916, at *1 (5th Cir. 1993). See also, *Jefferson v. Astrue*, 2012 WL 1118639 (E.D. La. Feb. 12, 2012).

"Equitable relief to toll limitations is granted sparingly and rarely." *Id*. The facts of the present case provide no basis for application of equitable tolling in this case.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends dismissal of this action due to Graham's failure to file the complaint within the statute of limitations.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 11th day of May, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE